LAW OFFICES

## CLAYMAN & ROSENBERG

305 MADISON AVENUE

NEW YORK, NEW YORK 10165

(212) 922-1080

FAX: (212) 949-8255

CHARLES E. CLAYMAN
SETH L. ROSENBERG
BRIAN D. LINDER
AMY E. MILLARD
PAUL S. HUGEL
ISABELLE A. KIRSHNER
THOMAS C. ROTKO

March 5, 2007

<u>FILED BY ECF</u>

Honorable Denis R. Hurley
United States District Judge
Eastern District of New York
United States Courthouse
PO Box 9014
100 Federal Plaza
Central Islip, New York 11722

    Re: United States v. Michael Avellino, et al.
       <u>97 Cr. 1062 (S-8)(DRH)</u>

Dear Judge Hurley:

  I represented Michael Avellino in connection with the above-captioned case. The purpose of this letter is to request that the Court permit Michael Avellino and his father, Salvatore Avellino, to associate for non-commercial purposes with Michael Malena while Michael Avellino and Salvatore Avellino are on supervised release. I have spoken with Assistant U.S. Attorney Paul Weinstein and he has authorized me to inform the Court that the government has no objection to this request.

  On June 29, 2001, the Court sentenced Michael Avellino and Salvatore Avellino to sixty months' imprisonment following their guilty pleas. Michael Avellino was released from federal custody in July 2005. Salvatore Avellino was released from federal custody in October 2006. Both individuals are now on supervised release. Michael Malena, having also been sentenced by the Court upon his guilty plea, was released from federal custody in 2003 and has completed his term of supervised release.

One of the standard conditions of supervision applicable to Michael Avellino and Salvatore Avellino is that they "shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer." I have spoken with Richard James, the probation officer who is supervising both Michael Avellino and Salvatore Avellino. He has advised me that it is the blanket policy of his office to refuse permission for non-blood relatives (Michael Malena is married to Salvatore Avellino's daughter and Michael Avellino's sister) with felony convictions to associate with each other while on supervised release and he has requested that I submit this application to the Court for the relief sought. He further indicated to me that he does not oppose the application.

As a result of this policy, Michael Malena has been unable to attend family events with his wife and children at which either his brother-in-law or his father-in-law are present. The timing of this application is motivated by the fact that on March 16th, Michael Avellino's daughter will celebrate her sweet 16 party. Application of this blanket policy would prevent Michael Malena from attending this event with the rest of his family.

I have spoken with Assistant U.S. Attorney Paul Weinstein about this matter. He has advised me that the government has no objection to Salvatore Avellino or Michael Avellino associating with Michael Malena for non-commercial purposes. This restriction is acceptable to Michael Avellino and Salvatore Avellino. Accordingly, I respectfully request that the Court modify the standard conditions of supervision for Michael Avellino and Salvatore Avellino and permit both of them to associate with Michael Malena for non-commercial purposes.

I appreciate the Court's consideration in this matter.

Respectfully submitted,

Brian D. Linder

cc: Paul Weinstein
    Richard James, U.S. Probation Officer